UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

DANTE MORGAN a/k/a MEMPHIS DANTE MORGAN,

                   Plaintiff,

            v.

A.D.A. LEIGH ANN PEREZ, CITY OF NEW YORK, and STATE OF NEW YORK,

                   Defendants.

-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-2994 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Memphis Dante Morgan, proceeding *pro se* and currently incarcerated at the Fishkill Correctional Facility, commenced the above-captioned action on May 16, 2018, in the United States District Court for the Northern District of New York, against Defendants Assistant District Attorney ("ADA") Leigh Ann Perez, the City of New York (the "City"), and the State of New York (the "State"), pursuant to 42 U.S.C. § 1983. (Compl., Docket Entry No. 1.) The Northern District of New York transferred the action to this Court by Order dated May 18, 2018. (Transfer Order, Docket Entry No. 3.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

    **I. Background**

    Plaintiff alleges that ADA Perez "charge[d] [him] with bail jumping after seven years when the statute of limitations had pass[ed]." (Compl. 3.) He asserts that her actions in prosecuting him violated his rights under the Fifth, Sixth, and Fourteenth Amendments. (*Id.*)

Plaintiff previously filed a lawsuit in this Court against ADA Perez and other defendants in which he raised the same allegations related to his prosecution for bail jumping in 2017 by the Kings County District Attorney's Office (the "2017 prosecution"). *See generally Morgan v. Perez*, No. 17-CV-1317, 2017 WL 2533385 (E.D.N.Y. June 9, 2017). The Court found that ADA Perez was entitled to prosecutorial immunity and dismissed all claims against her. *Id*. at *3–4 (dismissing Plaintiff's claims against ADA Perez and the other named defendants, and granting Plaintiff leave to amend his claim against the City of New York).

Plaintiff subsequently filed an Amended Complaint naming only the City and the State as defendants, alleging that the City and State violated his "civil rights for rearresting [him]" in connection with his criminal prosecution for bail jumping in 2017. (Am. Compl. 4, *Morgan v. Perez*, No. 17-CV-1317 (E.D.N.Y. June 27, 2017), Docket Entry No. 9.) Plaintiff then filed an identical Second Amended Complaint ("SAC") also naming the City and State as defendants and attaching unidentified pages from a document describing various sections of New York State criminal codes. (Second Am. Compl., No. 17-CV-1317 (E.D.N.Y. June 28, 2017), Docket Entry No. 11.) By Memorandum and Order dated April 9, 2018 ("2018 Decision"), the Court dismissed the Amended Complaint and the SAC for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii). (*See* 2018 Decision, *Morgan v. Perez*, No. 17-CV-1317 (E.D.N.Y. Apr. 9, 2018), Docket Entry No. 14.) Plaintiff appealed this Court's decision to the United States Court of Appeals for the Second Circuit; the appeal remains pending.

**II. Discussion**

The claims raised in the Complaint in this action were previously raised and dismissed in Plaintiff's prior actions before the Court and are therefore barred by *res judicata*.

"The related doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) are meant to protect parties from having to relitigate identical claims or issues and to promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998). *Res judicata* bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999).

The Court adjudicated the merits of Plaintiff's 2017 prosecution claim against ADA Perez by finding that ADA Perez was entitled to prosecutorial immunity. *Morgan*, 2017 WL 2533385, at *3–4. This finding constitutes a final judgment on the merits. *See Bryant v. United States*, 71 F. Supp. 2d 233, 236 (S.D.N.Y. Sept. 14, 1999) (finding that a prior decision dismissing the plaintiff's claim against federal prosecutors on the basis of immunity constituted a final judgment on the merits); *see also Wang v. Miller*, 365 F. App'x 516, 517 (2d Cir. 2009) (holding that claims against a state attorney general were barred by *res judicata* because identical claims against the same defendant were raised and dismissed in a prior action on the basis of absolute immunity). The Court also adjudicated the merits of Plaintiff's claims against the City and State of New York by dismissing the claims for failure to state a claim. (2018 Decision.); *Bryant*, 71 F. Supp. 2d at 237 ("Dismissal for failure to state a claim for which relief can be granted is a final judgment on the merits.") Plaintiff raises the same claims regarding his 2017

prosecution against the same Defendants in this Complaint. Because these claims were adjudicated on the merits between the same parties, they are precluded by *res judicata*.

**III. Conclusion**

For the foregoing reasons, the Court dismisses the Complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court shall enter judgment and close this case.

Dated: November 30, 2018
       Brooklyn, New York

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge